**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

DELWRICK D. COLEMAN,                                                                                       PLAINTIFF
ADC #656538

v.                                              2:13CV00139-DPM-JJV

W. MCNARY, Captain, East Arkansas
Regional Unit, ADC; *et al*.                                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. INTRODUCTION

Plaintiff, Delwrick Coleman, a state inmate incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC), filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Docs. No. 7.) He alleges Defendants subjected him to unconstitutional living conditions for seven to eight days in February 2013, in violation of the Eighth Amendment, and asks for monetary relief.[1]

Before the Court is Defendants' Motion for Summary Judgment (Doc. No. 29), to which Plaintiff has responded (Doc. No. 33.) The matter is, therefore, ready for a decision.

According to his Complaint, Defendants Allen and Williams placed him in a cell contaminated with feces on February 22, 2013, without making any attempts to clean the cell. (Doc. No. 7 at 4-5.) A day later, Captain Lane attempted to clean the cell, but missed many spots; and on February 28, 2013, former Defendant McNary ordered the cell to be cleaned, but again, missed many spots. (*Id*.) After seven and a half days, officers moved Plaintiff to another cell. (*Id*. at 5.)

During his deposition, Plaintiff testified that when Allen and Williams placed him in the cell,

---

[1] Defendants McNary and Lane were dismissed for failure to state a claim upon which relief may be granted on January 30, 2014 (Doc. No. 20).

2

he told Allen about the feces in the cell and Allen responded that he would return to clean the cell. (Doc. No. 29-1 at 4.) Defendant Williams was present at this time, but did not speak to Plaintiff. (*Id*. at 5.) The next day, Captain Lane came and cleaned the cell, while Williams videotaped his actions. (*Id*. at 6.) Plaintiff continued to complain about feces in the cell until McNary moved him several days later. (*Id*. at 5.) Plaintiff claims the smell caused him to be sick, and he suffered from shortness of breath, chest pain, lack of sleep and excessive migraine headaches. (Doc. No. 7 at 5.)

## II. SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Dulany v. Carnahan,* 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Webb v. Lawrence County,* 144 F.3d 1131, 1134 (8th Cir. 1998) (citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 1135 (citations omitted). Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Id*.

First, the Court agrees with Defendants that they are entitled to sovereign immunity with respect to Plaintiff's monetary claims against them in their official capacities. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65 (1989); *Murphy v. State of Arkansas*, 127 F.3d 750, 755 (8th

3

Cir. 1997).

Next, the Court agrees that Plaintiff's claims against Defendants in their individual capacities are barred by collateral estoppel.[2] Prior to filing this action, Plaintiff filed a complaint with the Arkansas Claims Commission on June 3, 2013 (Doc. No. 29-3 at 2.) He alleged negligence, failure to follow procedures, pain and suffering and mental anguish against the ADC, based on the same incident at issue in his Complaint. (*Id*.) He also claimed the conditions caused him to be ill, suffer from shortness of breath, and migraine headaches. (*Id*.) He attached to that complaint the same grievance attached to the Complaint in this action, No. EAM 13-00681. (Doc. No. 2 at 7-9; Doc. No. 29-3 at 2-6.) Defendant ADC filed a Motion to Dismiss, asserting the following:

> 1.  Claimant alleges that on February 22, 2013, as a result of the negligence and failure to follow policy of the Respondent, he suffered pain and suffering and mental anguish. He seeks $6,500.00 in damages.
>
> 2.  Claimant has failed to state facts upon which relief can be granted in his complaint under ARCP 12(b)(6).
>
> 3.  Claimant alleges that he was assigned to an unsanitized cell in violation of policy and suffered chest pains, became very sick, suffered a lack of sleep and vomited.
>
> 4.  Claimant was moved into a cell which had been sanitized with bleach prior to his occupancy. However, Claimant states that he saw feces particles on the bars, food trap, light fixture, and walls and notified officers.
>
> 5.  He voiced no complaints of the feces or illness to medical staff on any day following of any of the complaints made herein. No sick calls were placed by Claimant related to this incident.
>
> 6.  Claimant was removed from his cell the next day, February 23, 2013, and placed in the showers while and (sic) his cell was cleaned again with bleach. When he was to be returned to his cell at 3:15 p.m., Claimant refused to be restrained.
>
> 7.  Claimant did have an unsubstantiated medical complaint regarding chest pains or anxiety a week prior to being placed in the cell of which he complains of

---

[2]Plaintiff does not address this issue in his Response to Defendants' Motion (Doc. No. 33.)

herein. (Doc. No. 29-3 at 8.) On June 3, 2013, the Claims Commission granted the ADC Motion to Dismiss for the reasons set forth in paragraphs 1 and 3 through 7 of the motion. (*Id*. at 10). Plaintiff then filed a motion for reconsideration, attaching evidence that he complained about the feces and illness through a sick call on February 25, 2013; however, the Motion was denied for failure to offer evidence not previously available. (*Id*. at 11-12, 14.)

"The doctrine of collateral estoppel precludes relitigation of factual issues actually litigated and determined in a prior suit." *Steffen v. Housewright*, 665 F.2d 245, 247 (8th Cir. 1981). In addition, "[w]hen an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose....this is equally true for the theory of collateral estoppel." *Id*. The court in *Steffen* noted four elements to be satisfied before an order in a former action can be given collateral estoppel effect: "(1) (T)he issue sought to be precluded must be the same as that involved in the prior action; (2) that issue must have been actually litigated; (3) it must have been determined by a valid and final judgment; and (4) that determination must have been essential to the prior judgment." *Id*., n. 5.

In *Venis v. Norris*, a case factually similar to this case, inmate Venis filed a § 1983 suit against ADC officials for injuries he suffered in a work-related accident at the Ouachita River Unit. No. 4:07cv00426-JMM-BD, 2007 WL 3053292 (E.D. Ark. Oct. 19, 2007). Prior to filing that lawsuit, however, he filed a claim with the Arkansas State Claims Commission based on "some similar facts," which was dismissed after a hearing. *Id*., *3. The Court held that Plaintiff's § 1983 claim was precluded by the Claims Commission claim, pursuant to res judicata, finding that "a preclusion analysis generally turns on whether the claims arise out of the 'same nucleus of operative

5

facts.'" *Id.*, *4 (quoting *United States v. Gurley*, 43 F.3d 1188, 1195 (8th Cir. 1994)) (other citations omitted.) The court noted that the case before the Commission was based on proper jurisdiction, resulted in a final judgment on the merits, and was between the same parties or privies as the civil rights action. *Id.*, *4. Noting that while the inmate's claim before the Commission was one for negligence, and the claim before the Court for an Eighth Amendment violation, "his Eighth Amendment claim in this lawsuit imposes on him a higher burden of proof than did his negligence claim in his case before the Commission." *Id*. The court then dismissed Plaintiff's § 1983 claim as precluded. *Id*. *See also Williams v. Campbell*, 163 F.3d 604, 1998 WL 514547 (8th Cir. Aug. 13, 1998) (unpublished), where a prisoner's § 1983 claim based on officials' failure to properly train and supervise, was dismissed, as precluded by a successful negligence case before the Arkansas State Claims Commission.

Similarly, in this case, Plaintiff presented these exact issues to the Claims Commission. These issues were litigated and determined by a valid and final judgment, and the determination was essential to the judgment. Furthermore, the prior action involved parties in privity with the present parties. Therefore, both principles of collateral estoppel and res judicata apply to preclude re-litigation of the issues in this case. The Court concludes this matter should be dismissed.

The Court also concludes this matter should be dismissed because Defendants are entitled to qualified immunity. Qualified immunity protects officials who acted in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment.

*See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[3] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009).

Plaintiff testified in his deposition that when Defendants Allen and Williams placed him in the cell, he complained to Allen about the unsanitary conditions, and Allen responded that he would return to clean the cell. (Doc. No. 29-1 at 4.) "Several days later," Capt. Lane was summoned when Plaintiff refused to return to the cell after shower call, and after Plaintiff told him of the conditions, Lane cleaned the cell while Defendant Williams video-taped his actions. (*Id*. at 5.)[4] Five days later after another cleaning attempt, Plaintiff was moved to another cell. (*Id*.) Defendants state Plaintiff fails to support a deliberate indifference claim against them, because he cannot prove he was

---

[3]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. at 236).

[4]In both his Complaint and the grievance he filed about this issue, Plaintiff states he was placed in the cell on February 22, 2013, and that Sgt. Lane came to clean the cell on February 23, 2013 (the next day). (Doc. No. 2 at 4-7.) Further requests for cell clean-up were ignored and McNary moved him from the cell on February 28, 2013. (*Id*.)

7

deprived of the minimal civilized measure of life's necessities (*Smith v. Copeland*, 87 F.3d 265 (8th Cir. 1996)), and when he placed in the cell, he complained about the condition of the cell to other ADC employees, who attempted to clean the cell. In addition, Defendants state Plaintiff cannot prove they deliberately exposed him to the conditions as punishment, or that the conditions caused him harm.

Plaintiff objects, stating that Defendants admitted the cell needed to be clean when they placed him in it, and their failure to ensure such violated ADC policy. He also claims Defendants' actions were cruel and unusual and they purposely subjected him to Hepatitis.

As noted by Defendants, "[c]onditions, such as a filthy cell, may 'be tolerable for a few days and intolerably cruel for weeks or months.'" *Whitnack v. Douglas County*, 16 F.3d 954, 958 (8th Cir. 1994) (quoting *Howard v. Adkison*, 887 F2d 134, 137 (8th Cir. 1989)) (other citations omitted.). In *Smith v. Copeland*, the court found no constitutional violation where an inmate was forced to endure the stench of his own feces and urine for four days after the toilet overflowed. 87 F.3d at 269. In addition, in *Goldman v. Forbus*, the court found no constitutional violation where a detainee slept six nights on the floor next to the toilet and was sprinkled with urine. 17 Fed. Appx. 487, 488, 2001 WL 838997 (8th Cir. July 26, 2001) (unpublished per curiam).

After reviewing the parties' submissions and exhibits, the Court finds that no reasonable correctional officer would know that placing Plaintiff in the cell violated his clearly-established constitutional rights. Plaintiff admits that he did not specifically ask Defendants Allen and Williams for help after he was first placed in the cell, and that officers attempted to clean the cell twice. Plaintiff's placement in the cell itself was not sufficiently serious to deprive him of the "minimal civilized measures of life's necessities," and he provides no evidence that Allen or Williams acted with deliberate indifference to his health and safety. *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir.

2004).

### III.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Defendants' Summary Judgment Motion (Doc. No. 29) be GRANTED, and Plaintiff's Complaint against Defendants be DISMISSED with prejudice.

IT IS SO ORDERED this 2nd day of October, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE